IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTEN TRANSPORT, LTD., )
)
           Plaintiff, )
)
v. ) Case No. 14-2464-JWL
)
PLATTFORM ADVERTISING, INC., )
)
           Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to dismiss the claims pleaded by plaintiff in Counts I, II, IV, V, and VII of the complaint (Doc. # 18). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted to the extent that any claim by plaintiff for punitive damages asserted as an independent cause of action is hereby dismissed; the motion is otherwise denied.

Plaintiff Marten Transport, Ltd. alleges the following facts in its complaint against defendant Plattform Advertising, Inc. Plaintiff is a motor carrier providing transportation services, with its headquarters in Wisconsin. Defendant, a Kansas corporation, operates two websites that advertise open driver positions on behalf of commercial trucking companies, and interested individuals may submit job applications for such positions through the sites. From June 2010 through May 2012, plaintiff paid defendant to advertise job openings, and plaintiff authorized defendant to use its

identifying information and registered trademarks in advertising such openings. Plaintiff terminated that relationship in May 2012, after which time defendant was no longer authorized to advertise on plaintiff's behalf or to use plaintiff's identifying information and trademarks. Nevertheless, defendant has continued to use plaintiff's information and trademarks on its own websites and on another site. Defendant has not directed any interested applicants to plaintiff since May 2012, but instead has directed them to defendant's own sites.

Plaintiff initiated the present action in September 2014. By its complaint, plaintiff asserts the following claims against defendant: federal trademark infringe-ment, in violation of the Lanham Act, 15 U.S.C. § 1114 (Count I); unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); unauthorized use of identifying information, in violation of Wisconsin statutes (Count III); common-law trademark infringement (Count IV); common-law unfair competition (Count V); and tortious interference with prospective contractual relationships (Count VI). Plaintiff requests damages, injunctive relief, and attorney fees. In addition, in a separate count plaintiff asserts a claim for punitive damages under Wis. Stat. § 895.043 (Count VII).

Defendant seeks dismissal of Counts I, II, IV, V, and VII pursuant to Fed. R. Civ. P. 12(b)(6). The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not

contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Defendant seeks dismissal of plaintiff's claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). Section 1114 provides for liability if a person without consent uses in commerce a registered mark "in connection with the sale, offering for sale, distribution, or advertising of any goods or services" if such use is likely to cause confusion. *See* 15 U.S.C. § 1114(1)(a). Section 1125(a) provides for liability of the following:

> Any person who, on or in connection with any goods or services, or any container of goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive

3

> as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B)   in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

*See* 15 U.S.C. § 1125(a)(1).  Defendant argues that plaintiff cannot state a claim under either of these sections because the job opportunities that it advertises do not constitute goods or services.

The Court rejects this argument.  The statutes require use of the information or mark "in connection with" the sale or advertising of any goods or services, *see* 15 U.S.C. § 1114(1)(a), and "in connection with" any goods or services, *see* 15 U.S.C. § 1125(a)(1).  In this case, plaintiff has alleged that defendant, as its business, matched job applicants with trucking companies that had open positions, and that defendant used plaintiff's information and marks in advertising such openings and plaintiff's business.  Thus, applying the plain and ordinary meaning of the terms in the statute, the Court concludes without hesitation that plaintiff has alleged use by defendant in connection with a service that it provides to applicants and trucking companies.  Defendant has not even attempted to explain why its business does not provide a service in commerce.

Defendant appears to support this argument solely by citation to a single case, *Amin v. SunTrust Bank*, 2014 WL 3397256 (N.D. Ill. July 11, 2014).  In that case, the plaintiff responded to an e-mail advertising an independent contractor position; was told

4

that he was accepted; followed instructions to deposit checks into and make payments out of his own bank account; and suffered losses when the checks he received did not clear. *See id.* at *1-2. The district court dismissed the plaintiff's claims under Section 1125(a) of the Lanham Act, reasoning as follows:

> [T]he conduct complained of here had nothing to do with a "false description of goods and their origins." Rather, [the plaintiff] complains of a fraudulent scheme involving an opportunity for employment. That is neither a "good" nor a "service," and thus does not fall under the protections of the Lanham Act.

*See id.* at *3 (citations omitted). That case is easily distinguished from the present case, however. *Amin* involved a fraudulent offer of employment, and the court concluded that such an offer was not a "good" or a "service" under the Act. The present case, on the other hand, involves the alleged misuse of information in the defendant's *business* of advertising job opportunities. Thus, the alleged misuse here was done in connection with a service.

Plaintiff has not offered any other rationale or authority supporting this argument. Accordingly, the Court rejects this basis for dismissal of plaintiff's Lanham Act claims.

Defendant also appears to argue that plaintiff's Lanham Act claims are subject to dismissal because plaintiff and defendant are not direct competitors. There is no such requirement in either statute, however. Courts have long held that trademark infringement and unfair competition may involve related goods or services that do not directly compete, with the resulting confusion concerning the existence of a relationship between the parties. *See, e.g.*, *Team Tires Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 831,

5

833-34 (10th Cir. 2005) (premise that a trademark provides protection only when used on directly competing products is no longer good law; such protection extends to the use on non-competing but related goods); *see generally* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §§ 24:2, 24:3, 24:6, 24:13, 24:14 (4th ed. 2014). Defendant cites *Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research*, 527 F.3d 1045 (10th Cir. 2008), in which the Tenth Circuit noted that the Lanham Act is intended "to protect the ability of consumers to distinguish among competing producers." *See id.* at 1053 (quoting *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 774 (1992)). In that case, however, the court was invoking that notion of competition in the context of applying the requirement of a commercial use, in distinguishing the situation in its case involving the use of material on a parody website. *See id.* at 1053-54. Thus, the Tenth Circuit stated:

> In our view, the defendant in a trademark infringement and unfair competition case must use the mark in connection with the goods or services of a competing producer, not merely to make a comment on the trademark owner's goods or services.

*See id.* at 1053. In the present case, plaintiff has alleged infringement and unfair competition in a commercial context, in which plaintiff advertised job openings as a part of its business. Moreover, there is an element of competition present here, as plaintiff has alleged that job applicants were directed to its competitors because of the resulting confusion. Defendant has not provided any authority suggesting that plaintiff may not pursue Lanham Act claims under these circumstances. Thus, the Court rejects this basis

6

for dismissal.

In its complaint, plaintiff alleges two types of confusion resulting from defendant's use of its information and marks: confusion for job applicants, who may mistakenly believe that defendant is associated with plaintiff and that they may apply for jobs with plaintiff through defendant; and confusion for other trucking companies, who may mistakenly believe that plaintiff has contracted with defendant to list plaintiff's job openings. Defendant argues that claims based on this latter type of alleged confusion are precluded by *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014). In *Lexmark*, the Supreme Court held that the cause of action created by Section 1125(a)(1)(B) of the Lanham Act extends only to claims in which (a) the plaintiff's interest falls within the zone of interests protected by the statute, and (b) the plaintiff's injuries are proximately caused by a violation of the statute. *See id.* at 1388-91. Defendant here argues that plaintiff cannot satisfy the proximate cause requirement. With respect to that requirement, the Supreme Court held as follows: "We thus hold that a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *See id.* at 1391.

The Court rejects the argument that plaintiff cannot establish the requisite proximate cause with respect to its theory based on confusion of other trucking companies. Defendant argues only that the trucking companies, as confused

7

"consumers", did not withhold trade from plaintiff. Viewing all facts and drawing all reasonable inferences in plaintiff's favor, as it must at this stage, the Court cannot say as a matter of law that plaintiff did not suffer damages proximately caused by its competitors' confusion. For instance, plaintiff has argued that such confusion could increase the use of defendant's websites among plaintiff's competitors, which could in turn increase traffic to those sites and reduce traffic to sites listing plaintiff's openings. Confused competitors might also mistakenly refer applicants to defendant's sites in the belief that the applicant will be able to apply with plaintiff as well. Thus, applicants (the "trade" in this case) are alleged to have been withheld from plaintiff. Arguments relating to proximate cause are more appropriately considered at the summary judgment stage or at trial, when facts have been developed and evidence has been presented.[1] Accordingly, the Court rejects this basis for dismissal of one theory of plaintiff's claim under Section 1125(a)(1)(B).

Defendant argues that plaintiff's trucking-company-confusion theory should also be dismissed because the alleged harm from such confusion would not be of consequence to those companies, based on the Supreme Court's statement in *Dastar*

---

[1] In *Lexmark*, the Supreme Court held that the plaintiff had pleaded sufficient facts to satisfy the proximate cause requirement, even though the parties were not direct competitors and even though the causal chain linking the plaintiff's injuries to the confusion was not direct and included an intervening link. *See Lexmark*, 134 S. Ct. at 1394. The Court stated that although the plaintiff would not be able to obtain relief without evidence of proximately-caused injury, the plaintiff had at least alleged an adequate basis to proceed under the Lanham Act and the plaintiff was therefore entitled to a chance to prove its case. *See id.*

*Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), that the Lanham Act "should not be stretched to cover matters that are typically of no consequence to purchasers." *See id.* at 32-33. Because this argument was raised for the first time in defendant's reply brief, however, the Court will not consider it. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (court will not consider issues raised for first time in reply brief) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).

In seeking dismissal of plaintiff's common-law infringement and unfair competition claims, defendant relies on the same arguments that it asserts with respect to plaintiff's federal statutory claims. Therefore, for the same reasons, the Court denies defendant's motion to dismiss those common-law claims.[2]

Finally, defendant argues that Count VII of the complaint should be dismissed because a claim for punitive damages does not present an independent cause of action. Plaintiff responds that it "intends to pursue punitive damages in this case regardless of whether it is an independent cause of action or merely a measure of damages that it asks the trier of fact to award." Plaintiff has not provided any statutory basis or other authority, however, that would allow it to assert an independent claim for punitive damages, without first establishing some other basis for liability. *See, e.g.*, *Weather*

---

[2]Although defendant assumed that such claims were asserted under Kansas law, plaintiff argued in its response brief that any such claims would be governed by Wisconsin law. Defendant did not dispute in its reply brief that Wisconsin law would apply to these claims, but the Court need not decide that issue at this time.

*Central, Inc. v. Reinhart Boerner Van Deuren, S.C.*, 2009 WL 367694, at *1 (W.D. Wis. Feb. 10, 2009) (request for punitive damages under Wis. Stat. § 895.043 is not an independent cause of action under Wisconsin law).  Accordingly, to the extent that plaintiff has asserted an independent cause of action for punitive damages, such cause of action is hereby dismissed.  At the same time, defendant has not argued that plaintiff may not pursue such damages as a form of relief upon a showing of some other basis for liability; thus, the Court denies any request by defendant for dismissal of plaintiff's punitive damage claim in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's Motion for Partial Dismissal (Doc. # 18) is hereby **granted in part and denied in part**.  The motion is granted to the extent that any claim by plaintiff for punitive damages asserted as an independent cause of action is hereby dismissed; the motion is otherwise denied.

IT IS SO ORDERED.

Dated this 27th day of January, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
