## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARTEN TRANSPORT, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-2464-JWL |
| | ) | |
| PLATTFORM ADVERTISING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

By this Memorandum and Order, the Court **overrules** defendant PlattForm's

written objection to plaintiff Marten's designation of deposition testimony by

Christopher Butler (Doc. # 167), and it **grants** Marten's motion in limine concerning the

authentication of certain screenshots (Doc. # 146, Part VI).[1]

1.   Plattform's Objection to Marten's Deposition Designations

PlattForm objects to Marten's designation of Christopher Butler, who works for

the Internet Archive, to the extent his testimony is offered to provide a foundation under

Fed. R. Evid. 901(a) for screenshots of PlattForm's websites taken from the Archive's

---

[1]The other motions in limine filed by Marten in Doc. # 146 and other deposition objections by the parties remain pending and will be addressed by the Court at the scheduled limine conference.

Wayback Machine.[2] PlattForm argues that to provide the necessary authentication under Rule 901—showing that the evidence is what it purports to be, see *id.*—there must be expert testimony and that Mr. Butler's testimony is not sufficient. PlattForm argues that Mr. Butler's testimony is not sufficient because (a) there is no way to know which of three web crawlers retrieved a particular page; (b) sometimes images show up as black boxes; (c) there are pages that the crawlers cannot capture partially or entirely; (d) although Mr. Butler has a "very, very high level of trust" in the crawlers, he does not guarantee accuracy; and (e) Mr. Butler has not prepared a crawl and does not know about the engineering algorithms used to create the crawls. The Court overrules this objection.

As a preliminary matter, the Court notes that PlattForm, in its reply *Daubert* brief, expressly withdrew its objections based on foundation and hearsay with respect to "the documents authenticated at Butler's deposition." PlattForm now appears to be withdrawing that withdrawal.

In addition, expert testimony is not required to authenticate the screenshots in this case, as the Court concludes in this Memorandum and Order that it must take judicial notice of the fact that Marten's information did appear on PlattForm's websites as shown in these screenshots. *See infra.*

Finally, even if expert testimony were required, as PlattForm argues, Mr. Butler is offered to provide such expert testimony, and the Court deems this testimony

---

[2]Marten has not identified any other purpose for Mr. Butler's testimony.

2

sufficient to lay a proper foundation under Rule 901 for certain screenshots from the

Wayback Machine.

> In its *Daubert* brief, PlattForm stated as follows:
>
> To authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge of the website, *e.g.*, a web master or someone else with personal knowledge of the website's creation and operation. [citing cases]
>
> Courts admit Internet Archive screen printouts into evidence, at least for the purposes of summary judgment, only when accompanied by a declaration from an Internet Archive employee authenticating the records. [citing cases]

*See* Doc. # 126, at 7-8. Thus, PlattForm conceded (and provided caselaw to support) that

Wayback Machine screenshots could be authenticated for purposes of Rule 901 by an

Archive employee with knowledge of the content of the Archive. Those cases do not

impose any other requirements, such as a requirement that the employee also be familiar

with algorithms or how the web crawlers work technically.

Rule 901 is intended to provide some reliability that the material is what it

purports to be, and Plattform's reasons for why Mr. Butler's testimony is insufficient do

not bear on whether that purpose is served here. With respect to reasons (a) and (e)

listed above, The Court notes that PlattForm has not explained why it matters which of

the three crawlers retrieved the page, and Mr. Butler would not need to know how the

crawlers work to opine that the material in the screenshots did appear on PlattForm's

sites, as shown by the Wayback Machine. Moreover, if the inability to distinguish

between the crawlers was a valid concern, then documents from the Wayback Machine

could *never* be admissible, and the Court does not believe that such a result would be appropriate—especially since PlattForm's own caselaw contemplates that Wayback Machine documents *may* be authenticated.

With respect to reasons (b) and (c) above, the Court notes that these screenshots are being offered to show that Marten's material appeared on PlattForm's sites on particular dates, and the fact that the Wayback Machine doesn't capture everything that was on those sites does not bear on whether the things that were captured were in fact on those sites.  There is no suggestion or evidence from PlattForm that the Wayback Machine ever *adds* material to sites (other than a Wayback Machine toolbar and coding that allows links to work).

With respect to reason (d) above, the Court notes that although Mr. Butler testified that he could not say that the Wayback Machine captures exactly what the PlattForm site looked like on a particular day "with the certainty of somebody who visited the website personally on that date," he did have a "very, very high level of trust," and he testified that the exhibits were accurate reproductions of the Archive's records. PlattForm has not shown any requirement that there must be a guarantee; rather, Rule 901 requires "evidence sufficient to support a finding that the item is what the proponent claims it is," and Mr. Butler's testimony provides evidence sufficient to make such a finding here.

Accordingly, the Court concludes that Mr. Butler's testimony is sufficient to authenticate the screenshots under Rule 901.  For that reason, the designated testimony

4

is not irrelevant, and PlattForm's objection is therefore overruled.

        2.      <u>Marten's Motion in Limine Regarding Authentication of Screenshots</u>

In this motion in limine, Marten requests that screenshots from the Wayback Machine be deemed authenticated under Rule 901 and admissible. Marten argues that the Court can take judicial notice of the screenshots; that Mr. Butler has authenticated them at any rate; and that they are not inadmissible as hearsay. In response, PlattForm does not raise the issue of hearsay or any other barrier to admissibility other than foundation, and in its *Daubert* ruling, the Court rejected any hearsay argument. Thus, the admissibility here depends entirely on the authentication issue.

In this motion, Marten refers only to Wayback Machine screenshots. As the Court concludes above, Mr. Butler's testimony is sufficient to authenticate those screenshots. Therefore, Marten's motion is granted, and the screenshots are deemed admissible.

The Court nevertheless addresses the issue of judicial notice because Fed. R. Evid. 201 provides that the Court *must* take judicial notice of a fact "if a party requests it and the court is suppled with the necessary information," *see id.* 201(c)(2), and Marten has made such a request with respect to the Wayback Machine screenshots. In its response to the limine motion, PlattForm only repeats the argument from its own limine motion and deposition objection that Mr. Butler cannot authenticate the screenshots. In its *Daubert* reply, however, PlattForm argued that the Court should not take judicial

notice in this case.

Rule 201 provides for judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See id.* 201(b).  Marten has cited various cases, which in turn cite other cases, in which courts have taken judicial notice of sites from the Internet Archive while noting that other courts commonly take judicial notice of such sites.  *See, e.g.*, *Juniper Networks, Inc. v. Shipley*, 394 F. App'x 713, at *1 (Fed. Cir. 2010) (unpub. op.)*; Erickson v. Nebraska Machinery Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015); *Pond Guy, Inc. v. Aquascape Designs, Inc.*, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 2013 WL 6869410, at *4 n.65 (S.D.N.Y. Dec. 30, 2013), *vacated in part for other reasons by* 2015 WL 9777725 (S.D.N.Y. Dec. 7, 2015); *Martins v. 3PD, Inc.*, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013)).

In its *Daubert* reply, PlattForm cited and relied on various cases in which the court required an Internet Archive employee to authenticate Wayback Machine documents, but those courts did not discuss judicial notice.  PlattForm also cites *My Health, Inc. v. General Electric Co.*, 2015 WL 9474293 (W.D. Wis. Dec. 28, 2015), in which the court declined to take judicial notice of Wayback Machine documents on the basis that the Seventh Circuit had previously required authentication by an Archive employee.  *See id.* at *4 (citing *Specht v. Google Inc.*, 474 F.3d 929, 933 (7th Cir.

2014)).

There does not appear to be a similar Tenth Circuit case requiring particularized authentication for Internet Archive material, however.  Moreover, in *Juniper*, the Federal Circuit relied on *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218 (10th Cir. 2007), in which the Tenth Circuit held that the district court had abused its discretion in refusing to take judicial notice of information from the defendant's website under Rule 201.  *See id.* at 1224-25.  The Tenth Circuit reasoned as follows:

> Mr. O'Toole contended that the information should not be subject to dispute by Northrop Grumman because Northrop Grumman created it. Thus, Mr. O'Toole addressed all the factors relevant to the application of Rule 201(b)(2).
>
> Northrop Grumman's arguments for not taking judicial notice are unpersuasive. It did not explain in the district court, and has not explained to us, why its own website's posting of historical retirement fund earnings is unreliable. Moreover, Northrop Grumman could have asked the district court for a hearing under Rule 201(e), but did not do so. In short, Northrop Grumman's failure to dispute its own information, contributes to its indisputability.
>
> It is not uncommon for courts to take judicial notice of factual information found on the world wide web.  Under the circumstances of this case, we conclude the district court abused its discretion by failing to take judicial notice of the actual earnings history provided by Northrop Grumman on the internet as required by Rule 201(d).

*See id.* at 1225 (citations omitted); *see also New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.22 (10th Cir. 2009) (citing *O'Toole* and taking judicial notice of the fact of falcon releases that were referenced on the websites of two federal agencies); *Conley v. Pryor*, 2015 WL 413638, at *5 n.2 (D. Kan. Jan. 30, 2015) (citing

7

*O'Toole* in taking judicial notice of a fact (the existence of a contract) found on the internet).

Thus, not only does the Tenth Circuit not expressly require authentication for Wayback Machine documents, in *O'Toole* it sanctioned taking judicial notice of factual information on the internet, especially in the circumstances of this case. As in *O'Toole*, the information here was originally found on the opposing party's own websites. As in *O'Toole*, that party has not adequately explained why the information is unreliable. In its *Daubert* reply, PlattForm argued that the use of Rule 201 was not appropriate here because the accuracy of the fact is not beyond dispute, as PlattForm disputes the accuracy of the Wayback Machine records in this case. PlattForm has not explained, however, how or why they are not accurate. As noted above, PlattForm complains that the Wayback Machine does not always capture all of the information on a site, but it has not offered any reason to believe that the Wayback Machine *adds* information that was not on the site at that time. In *O'Toole*, the Tenth Circuit held that the district court had abused its discretion in *not* taking judicial notice in such a case.

Accordingly, the Court finds that the requirements for judicial notice under Rule 201 are satisfied here, which means that the Court *must* take judicial notice as requested by Marten. The Court thus takes judicial notice of the fact that PlattForm's websites did contain references to Marten's information on particular dates as set forth in the screenshots from the Wayback Machine that have been made a part of the record of this case.

8

IT IS THEREFORE ORDERED BY THE COURT THAT defendant PlattForm's written objection to plaintiff Marten's deposition designations (Doc. # 167) is hereby **overruled**.

IT IS FURTHER ORDERED BY THE COURT THAT Marten's motion in limine concerning the authentication of certain screenshots (Doc. # 146, Part VI) is hereby **granted**, and the Court will take judicial notice as set forth herein.

IT IS SO ORDERED.

Dated this 29th day of April, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge